IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS L. CAIAZZO,
    Plaintiff,

v.                                                         3:04cv263/MCR/MD

JO ANNE B. BARNHART,
Commissioner of Social Security,
    Defendant.
_____

**REPORT AND RECOMMENDATION**

    Before the court is plaintiff's motion for attorney fees and expenses under the Equal Access to Justice Act (EAJA)(doc. 16).  The plaintiff seeks an award of fees and expenses in the amount of $1,117.60 (8.75 hours @ $125.00 plus $23.85 in expenses) and filing fee costs of $150.00.  However, defendant has responded that due to a discrepancy in plaintiff's calculations, the corrected fees and expenses (7.75 hours @ $125.00 plus $23.85 in expenses) should be $992.60.  Defendant represents that he has discussed this discrepancy with plaintiff's counsel who agrees to the corrected amount.  Therefore, defendant does not contest the corrected amounts requested (doc. 17).

    The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust.  The absence of any one of the above

factors precludes an award of fees. 28 U.S.C. § 2412(d)(I)(A), (B).

In *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 124 L.Ed.2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.  Here, the court reversed the decision of the Commissioner under sentence four.  The application was filed timely, and the Commissioner's position was not substantially justified.  Defendant does not disagree that fees and costs should be paid in this case (doc. 17).  Accordingly, plaintiff is clearly entitled to fees and costs.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

The plaintiff's attorney seeks compensation for 7.75 (corrected amount per doc. 17) hours in attorney fees spent representing plaintiff in court-related proceedings and in obtaining an award of fees and costs from the court.  He seeks compensation at the rate of $125 per hour.  Defendant has represented to the court that they do not contest attorney fees, expenses and filing fee costs in the amount of $1,142.60.

It is therefore RECOMMENDED:

1.    The plaintiff's motion for attorney fees and costs (doc. 16) be granted as set forth below.

2.    Plaintiff's counsel, Stephanie A. Taylor, Esquire, is entitled to recover reasonable fees and expenses for representing plaintiff  before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); attorney fees and expenses of $992.60 under the EAJA are reasonable; and the

**Commissioner be directed to pay counsel that amount.  Costs in the amount of $150.00 should be awarded, to be paid from the Judgment Fund.**

**At Pensacola, Florida this 31st day of May, 2005.**

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**